IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK NELLOM, FRANK NELLOM & CO.,** : | |
| Plaintiffs, : | CIVIL ACTION NO. 12-4627 |
| : | |
| v. : | |
| : | |
| **DARBY BOROUGH, et al.** : | |
| Defendants. : | |
| : | |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                          **December 13, 2012**

Plaintiff, proceeding *pro se*, has filed the present suit alleging that Darby Borough and certain Darby Borough police officers (collectively "Darby Defendants") violated his constitutional rights under the First and Fourteenth Amendments to the Constitution, violated his rights under the Statute of Frauds, and engaged in a conspiracy with private citizen Anthony Hernandez to deprive him of his civil rights.[1] Before the Court is Plaintiff's Motion for a Preliminary Injunction, Defendants' Motion to Dismiss, and Plaintiff's Motion for Summary Judgment.

### I. FACTUAL BACKGROUND

The Complaint alleges the following facts. On July 3, 2012, Plaintiff called the Darby Borough police department and asked the police department to remove a man trespassing on

---

[1] Defendant Anthony Hernandez is also named as a defendant in the suit. Hernandez did not join in the Motion to Dismiss, and did not respond to Plaintiff's motions. However, upon review of the docket, the Court notes that Mr. Hernandez has not been properly served. Although Plaintiff filed Proof of Service [Doc. No. 2], the service alleged does not comport with the Pennsylvania Rules of Civil Procedure.
   Furthermore, it appears that only Count IV, the conspiracy to violate civil rights claim, is asserted against Hernandez, and that claim cannot survive because Plaintiff has not alleged that Hernandez acted under color of state law.

Plaintiff's property at 516 Keystone Avenue. When police arrived on the scene, the alleged trespasser, Anthony Hernandez, informed officers that he was Plaintiff's tenant and stated that he and Plaintiff were involved in a landlord-tenant dispute. Specifically, the police report notes that Hernandez originally paid Plaintiff $100 and was allowed to move in to 516 Keystone Avenue. Later, Hernandez said, Plaintiff orally agreed to allow Hernandez to live there rent free in exchange for doing work on the property. Plaintiff did not deny entering into such agreements with Hernandez, but rather told the police that there was no "legal agreement" in place, that he considered Hernandez to be a trespasser in the absence of a written lease, and that he wanted him removed.

The officers advised Plaintiff to file a complaint in landlord-tenant court to pursue a proper eviction, and declined to remove Hernandez from the property.

Later the same day, Hernandez called the police and reported that Plaintiff had stolen his computer and Xbox video game after officers left the premises. An officer went to 516 Keystone, spoke to Hernandez about the alleged theft, knocked on Plaintiff's door and received no response, and then filed a written report documenting the theft complaint.

## II. DISCUSSION

### A. Motion to Dismiss

The Court will begin by addressing Darby Defendants' Motion to Dismiss. Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[2] A court may look to the facts

---

[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

alleged in the complaint, its attachments, and documents incorporated into the complaint by reference or explicitly relied upon in the complaint, but may not consider matters extraneous to the pleadings.[3] In determining whether a motion to dismiss should be granted the Court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4]

Something more than a mere *possibility* of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[5] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[6] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[7] Furthermore, courts are not bound to accept as true legal conclusions couched as factual allegations.[8]

1. Statute of Frauds Claim

Plaintiff asserts that under the Statute of Frauds, all leases must be in writing, and therefore, in refusing to remove Hernandez as a trespasser in the absence of a written lease agreement, the Darby Defendants were violating the Statute of Frauds. Preliminarily, the Court

---

[3] Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Winer Family Trust v. Queen, 503 F.3d 319, 328 (3d Cir. 2007); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

[4] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] Twombly, 550 U.S. at 570.

[6] Twombly, 550 U.S. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

[7] Id. at 562 (citing McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[8] Id. at 555, 564.

notes that the Statute of Frauds is an affirmative defense to a breach of contract claim, and the principle does not give rise to an independent civil cause of action against agencies or individuals who are not parties to an agreement, as alleged here.[9]

Moreover, under Pennsylvania law, a lease of property for less than three years may be oral or may be created through a course of conduct, and a lease for a longer term is not void or illegal if it violates the Statute of Frauds, but instead "shall have the force and effect of leases or estates at will only."[10]

Plaintiff does not assert any facts from which the Court can infer that the Darby Defendants violated the Statute of Frauds in failing to remove Hernandez as a trespasser due to the absence of a written lease between the parties. And Plaintiff fails to assert other grounds for immediately evicting or arresting Hernandez. Accordingly, Count I must be dismissed for failure to state a claim.

2. First Amendment Claim

The First Amendment to the United States Constitution guarantees the right to petition the government for redress of grievances, without fear of reprisals or punishment from the government.[11] The First Amendment also prohibits the government from taking any action to hinder a person's efforts to pursue a legal claim through the courts.[12]

---

[9] Fed. R. Civ. P. 8(c); see Mill Run Assocs. v. Locke Prop. Co., Inc., 282 F. Supp. 2d 278, 289 (E.D. Pa. 2003).

[10] 33 PA. STAT. §1; see also 68 PA. STAT. §250.202.

[11] U.S. Const., amend I.

[12] See Roberts v. Mentzer, 382 F. App'x. 162-64 (3d Cir. 2010); see also Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (aff'd, 142 F.3d 430 (3d Cir. 1998)).

Plaintiff alleges that the Darby Defendants violated his right to petition the government for redress of grievances by calling Hernandez, rather than Plaintiff, the "complainant" in the police report created in response to Plaintiff's trespass complaint. However, Plaintiff has not alleged facts from which the Court can infer that the characterization of Hernandez as the "complainant" in the written police report reflected an unwillingness of police officers to hear Plaintiff's grievance during the investigation of his trespass complaint, or otherwise had a substantive impact on Plaintiff's rights. The Complaint admits that the police "advised [Nellom] to obtain a proper eviction and he was advised how to do so." That is, Defendants advised Plaintiff to utilize the mechanism the state legislature has established for resolving landlord-tenant disputes, and explained how to proceed. Far from hindering Plaintiff's effort to pursue a legal claim, the officers who responded to Plaintiff's call advised Plaintiff how to access the courts to resolve his grievance against Hernandez.

Accordingly, the Court finds that Plaintiff has failed to state a First Amendment claim against Moving Defendants.

3. <u>Fourteenth Amendment Violation</u>

In Count III, Plaintiff claims that the Moving Defendants violated his right to equal protection of the state trespass law, and acted to deprive Plaintiff of his property without due process of law. Plaintiff asserts that his right to due process was violated because the police refused to treat Hernandez as a trespasser despite Plaintiff's assertion that Plaintiff and Hernandez had no written legal agreement for lease of the property. However, in light of Hernandez's assertion that he was a tenant in the property, had paid cash to Plaintiff for rent, and remained in the property pursuant to an oral agreement that he could live in the property in

exchange for work, the officers at the scene reasonably concluded that Hernandez was a tenant.

Pennsylvania has a summary process for eviction which balances the rights, including the due process rights, of both landlords and tenants in disputes over possession of property.[13] Here, the officers reasonably determined that Hernandez has a legitimate interest in the property (i.e. a lease). The officers properly advised Plaintiff that he would need to follow the eviction process and obtain a writ for possession before Hernandez could be removed from the property. This advice was consistent with Pennsylvania law; evicting or arresting Hernandez would have been a violation of Hernandez's civil rights.[14]

The Darby Defendants correctly note that Plaintiff has failed to allege any facts which would demonstrate that he has been treated differently from other persons similarly situated or that their actions deprived him of a protected property interest without due process. Accordingly, Plaintiff has failed to state a claim for violations of his rights under the Fourteenth Amendment.

4.   Conspiracy to Violate Civil Rights

To state a claim for conspiracy to violate civil rights, a complaint must set forth facts demonstrating "that persons acting under color of state law conspired to deprive him of a

---

[13] Under state law, the following process is required for eviction of a residential tenant: 1) a landlord who wishes to evict a tenant must provide proper written notice and then file a complaint for eviction; 2) the tenant must be served with a summons and the complaint; 3) a justice of the peace must properly notice and hold a court hearing; 4) if the judge enters a ruling in the landlord's favor, he or she will enter a judgment for possession; 5) no fewer than five days later the court will, at the landlord's request, issue a writ of possession; 6) that writ must be served on the tenant; and 7) after the statutory waiting period (11 days), the landlord can ask law enforcement officers to eject the tenant and deliver possession of the property to the landlord pursuant to the writ of possession. 68 PA. STAT. §250.501, 502, 503. This procedure must be followed whether a lease is oral or written. Therefore, once a landlord-tenant relationship was alleged, and in the absence of evidence that Mr. Hernandez was truly a trespasser and not a tenant, the officers in this case acted in accordance with the law in advising Plaintiff to file a complaint for eviction and in refusing to remove Mr. Hernandez without a writ of possession and warrant for removal.

[14] Paster v. Henry, No. 94-4800, 1995 WL 686038 (E.D. Pa. Nov. 15, 1995) (the participation of a police officer in an eviction of a tenant without judicial process violates the tenant's right to be free from unreasonable seizures of one's property, as well as the tenant's right to due process).

6

federally protected right."[15]

Here, Plaintiff alleges, without specificity, a civil conspiracy to deprive him of his rights. He writes: "the Reports written or otherwise approved by Defendant's [sic] establish a custom or policy of the Municipality to allow violations of clearly established law set forth in Counts I through IV above demonstrate continuing acts of conspiracy by Defendants' [sic] to deprive Plaintiff of his civil rights representing custom in Darby." This claim is clearly based on Plaintiff's mistaken belief that Moving Defendants acted illegally in allowing Hernandez to retain possession of the property he allegedly leased from Plaintiff pending eviction proceedings. In fact, Moving Defendants' actions were fully compliant with state law. Therefore, the Court finds that Plaintiff has not stated a claim for conspiracy between the officers to deprive Plaintiff of rights according to Darby Borough custom or policy.[16]

Plaintiff also alleges that the Darby Borough police conspired with Hernandez to create and file a false report alleging that Plaintiff stole Hernandez's computer and Xbox game. Plaintiff alleges that the police knew the report was false, but filed it anyway. Plaintiff also asserts that the police deliberately failed to tell him that the report had been filed, in an effort to harm him at some later time. Plaintiff alleges no facts from which the Court can find that the police officer who investigated Hernandez's theft report and filed a written report summarizing that investigation were acting in concert with Hernandez, or shared a common purpose to commit

---

[15] Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999).

[16] Defendant also argues that Plaintiff has failed to state a claim against the Darby Borough, because under Monell v. Dept. of Social Services, 436 U.S. 658 (1978), a municipality can only be liable if the municipality maintains a custom or policy which leads to a violation of an individual's constitutional rights. Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (quoting Monell, 436 U.S. at 691). Here, the Court finds that Plaintiff has failed to state a claim against the Darby Borough for constitutional violations, under the standard set forth in Monell.

an unlawful act or a lawful act for an unlawful purpose. Assuming, as alleged, that Hernandez lied about the theft, Plaintiff alleges no facts from which the Court can conclude that the officers investigating Hernandez's allegation conspired with Hernandez to further that lie. Filing a police report which summarizes an investigation, whether or not the alleged crime is substantiated upon investigation, is not an unlawful act or a lawful act with an unlawful purpose, but rather is the duty of the investigating police officers.

B. **Motion for Preliminary Injunction**

Plaintiff moves to enjoin Darby Borough "from illegally enforcing oral contracts of trespassers against property owners in Darby, PA." A preliminary injunction is an extraordinary remedy, and will only be imposed where the moving party demonstrates: "(1) the reasonable probability of eventual success in the litigation and (2) that the movent will be irreparably injured *pendente lite* if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showing, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest."[17]

Plaintiff has failed to demonstrate a likelihood of success on the merits. Under Pennsylvania law, landlords and tenants may enter into enforceable non-written contracts for real estate by oral agreement or by course of conduct.[18] Tenants may not be treated as trespassers simply because they do not have a written lease.[19] If landlords wish to evict a tenant, they must

---

[17] Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting In re Arthur Treacher's Francisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)).

[18] 68 PA. STAT. §§ 250.201, 250.202.

[19] Id.

comply with the procedures established by the state legislature, regardless of whether the parties have entered into a written contract.[20] Darby Borough police officers must act in accordance with state law, which requires an actionable writ of possession prior to removal of a tenant by an officer.[21] Given the state laws which govern this area, Plaintiff has not established a likelihood of success on the merits.[22]

Because the state has made a summary eviction process available to landlords, which was available to Plaintiff at any time, including during the pendency of this suit, and through which possession of his real property could be restored to him, Plaintiff will not be harmed in the absence of a preliminary injunction issued by this Court.

As noted above, Plaintiff is asking the Court to enter an injunction requiring Darby Borough police officers to remove tenants without a warrant for possession when the tenant cannot produce a written lease. This Court will not direct the Darby Defendants to address landlord-tenant conflicts in a manner inconsistent with state laws governing landlord-tenant relationships, as Plaintiff is asking the Court to do. The Court finds that the state legislature permits a landlord-tenant relationship to be formed without a written lease, and has carefully balanced the property interests of landlords and tenants in establishing Pennsylvania's eviction procedures. The Court will not enter a ruling inconsistent with state law, as doing so would clearly harm the public interest.

---

[20] 68 PA. STAT. §§ 250.501, 250.502, 250.503.

[21] 68 PA. STAT. §250.503.

[22] As discussed in preceding sections, Plaintiff has, in fact, failed to state a claim upon which relief may be granted.

### C. Plaintiff's Motion for Summary Judgment

Plaintiff filed a Motion for Summary Judgment, which Defendant opposed. Because the Court is dismissing the Complaint for failure to state a claim, Plaintiff's Motion for Summary Judgment will be dismissed as moot.

### III. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss is granted. The Court dismisses the claims against the Darby Defendants with prejudice, as amendment would be futile. Plaintiff cannot bring civil rights claims against Hernandez, as there is no allegation that he acted under color of state law, and this Court will not exercise supplemental jurisdiction over any state law claims Plaintiff wishes to pursue against Hernandez. However, this ruling is without prejudice to Plaintiff's right to pursue an eviction action or other appropriate action against Hernandez in state court.

Plantiff's Motion for a Preliminary Injunction is denied, and Plaintiff's Motion for Summary Judgment is dismissed as moot. An appropriate order follows.